E-FILED
Thursday, 27 September, 2018 04:16:57 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| TYLER REESE DAVIS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 1:18-cv-1335 |
| JON R. GIRAUDO, DAVID CATTON, EAST PEORIA POLICE DEPARTMENT, TAZEWELL COUNTY STATE'S ATTORNEY OFFICE, | ) ) ) ) ) | |
| Defendants. | ) | |

## **ORDER & OPINION**

Plaintiff, a prisoner incarcerated at Tazewell County Justice Center, has filed a civil complaint pro se pursuant to 42 U.S.C. § 1983. (Doc. 1). Under 28 U.S.C. § 1915A, this Court is directed to review the claim and dismiss any portion of the complaint which is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." The Court's merit review under § 1915A uses the same measure as "the Federal Rule of Civil Procedure Rule 12(b)(6) standard for stating a claim for relief," accepting all well-pleaded allegations as true and construing the complaint in the light most favorable to the plaintiff. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Pro se complaints "are to be construed liberally." *Id.* For the reasons discussed below, Plaintiff's complaint is dismissed.

According to the Complaint and supporting documentation, Plaintiff was arrested in July of 2016 and charged with aggravated discharge of a firearm and

unlawful use of a weapon by a felon. (Doc. 1 at 9). Pursuant to a partial plea agreement, Plaintiff was sentenced to a nine-year term of imprisonment, but was allowed to withdraw the plea. (Doc. 1 at 9–10). The State filed a new case against Plaintiff within two months of his plea being withdrawn. (Doc. 1 at 10). Prior to filing the new case, Defendant Jon Giraudo, Assistant State's Attorney, sent Plaintiff's attorney a letter indicating that the State was declining to appeal, but had discovered another crime which Plaintiff could be charged with. (Doc. 1 at 12). Plaintiff raised vindictive prosecution, seeking to dismiss the charges against him in state court. (Doc. 1 at 5–6). He alleges that he was transferred to federal court and indicted on federal charges the day a hearing was supposed to occur on his vindictive prosecution defense in state court. (Doc. 1 at 6). The Complaint also claims the state prosecutor dismissed the second set of charges against Plaintiff following his motion to dismiss. (Doc. 1 at 6).

Plaintiff seeks to raise three claims in the instant petition: a malicious prosecution claim against Defendants the East Peoria Police Department and Giraudo; a vindictive prosecution claim against Defendants David Catton, a police detective, and Giraudo; and a class of one enforcement claim against Defendants Giraudo and the Tazewell County State's Attorney's Office. (Doc. 1 at 6).

The claims against Defendant Giraudo must be dismissed because Defendant Giraudo is entitled to absolute immunity. "[S]tate prosecutors enjoy absolute immunity from suits under § 1983 for activities that are 'intimately associated with the judicial phase of the criminal process.'" *Foreman v. Wadsworth*, 844 F.3d 620, 624 (7th Cir. 2016) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976)). This

precedent applies in full force to the instant case: "Filing a criminal charge is at the core of the activities protected by prosecutorial immunity." *Id.* The rationale behind this immunity extends to a state prosecutor's decision to refer a case to federal prosecutors. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *Fields v. Wharrie*, 672 F.3d 505, 510–11 (7th Cir. 2012) ("The protection endeavors to preserve the functioning of the public office" and "encourages prosecutors to volunteer for and vigorously perform the job by shielding them from frivolous suits and the corresponding litigation costs.") Accordingly, Defendant Giraudo cannot be liable for malicious prosecution, vindictive prosecution, or class of one enforcement.

Plaintiff has failed to state a claim against Defendant Catton. The Complaint names Defendant Catton only in the vindictive prosecution claim. (Doc. 1 at 6). However, Plaintiff never specifies what Defendant Catton did which constituted vindictive prosecution—indeed, Defendant Catton's name does not appear in the section of the Complaint discussing vindictive prosecution. (Doc. 1 at 6–7).

Plaintiff has not alleged facts sufficient to show liability on the part of Defendant the East Peoria Police Department. When suing a municipal entity under § 1983, a plaintiff must "demonstrate that the entity's official policy, widespread custom, or action by an official with policy-making author was the 'moving force' behind his injury." *Dixon v. Cty. of Cook*, 819 F.3d 343, 348 (7th Cir. 2016) (quoting *City of Canton v. Harris*, 489 U.S. 378, 379 (1989)). With respect to the East Peoria Police Department, Plaintiff has alleged that officers searched his phone and used his social media accounts. (Doc. 1 at 6). He does not allege, however, that "the tort was committed (that is, authorized or directed) at the policymaking level of government."

3

*Vodak v. City of Chicago*, 639 F.3d 738, 747 (7th Cir. 2011). Even assuming Plaintiff has alleged a constitutional violation committed by officers in the East Peoria Police Department,[1] nothing in the Complaint alleges that a policy-maker in the Department had approved, or was even aware of, the violation.

The entirety of the allegation against the final defendant is: "Tazewell County States Attorney's Office allowed Giraudo to continue to prosecute me even though he was violating my constitution [sic] Rights." (Doc. 1 at 7). This sentence is a mere conclusory allegation, insufficient to survive a motion to dismiss. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 886 (7th Cir. 2012). And as it is the motion to dismiss standard which must be applied under § 1915A, *Turley*, 729 F.3d at 649, the conclusory allegation is insufficient under this merit review as well.[2]

## Conclusion

For the reasons stated, Plaintiff's Complaint is DISMISSED. IT IS ORDERED that because Defendant Giraudo is entitled to absolute immunity, the claims against him are DISMISSED WITH PREJUDICE. The claims against Defendants Catton, the East Peoria Police Department, and the Tazewell County State's Attorney's Office are DISMISSED WITHOUT PREJUDICE. Plaintiff MAY file an amended complaint

---

[1] "[T]here is no freestanding constitutional tort of malicious prosecution," but that does not preclude suit on violations of other constitutional rights improperly referred to as malicious prosecution claims. *Hurt v. Wise*, 880 F.3d 831, 843 (7th Cir. 2018).

[2] The Court assumes, without deciding, that the Tazewell County State's Attorney's Office does not enjoy absolute immunity as a prosecutor's office. Recent authority suggests prosecutor's offices may be entitled to absolute immunity under some circumstances. *See Van de Kamp*, 555 U.S. at 344; *Marten v. Swain*, 601 F. App'x 446, 449 (7th Cir. 2015) ("it's 'the nature of the function performed, not the identity of the actor who performed it, that inform[s] our immunity analysis.'") (quoting *Forrester v. White*, 484 U.S. 219, 229 (1988)). Because the Court finds Plaintiff has failed to state a claim on which relief can be granted, it is unnecessary to examine the question here.

4

which states a cause of action against only those defendants who are not entitled to absolute immunity within thirty (30) days from the date of this order. If he fails to do so, this case will be dismissed.

SO ORDERED.

Entered this 27th day of September, 2018.

                                             s/ Joe B. McDade
                                             JOE BILLY McDADE
                                    United States Senior District Judge